UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUBEN DARIO GARCIA and GLORIA ESTELA GARCIA, ) ) ) | |
| Plaintiffs, ) ) | 3:11-cv-0763-LRH-VPC |
| v. ) ) | ORDER |
| WELLS FARGO BANK, N.A.; et al., ) ) | |
| Defendants. ) ) | |

Before the court is plaintiffs Ruben Dario Garcia and Gloria Estela Garcia's ("the Garcias") motion to remand. Doc. #8.[1] Defendants filed an opposition. Doc. #12.

**I.   Facts and Procedural History**

In August 2005, the Garcias purchased real property through a mortgage note and deed of trust originated by defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Eventually, the Garcias defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, the Garcias filed a complaint in state court against defendants alleging three causes of action: (1) defective foreclosure; (2) declaratory relief; and (3) injunctive relief. Doc. #3. Defendants removed the action to federal court on the basis of diversity jurisdiction. Doc. #1. Thereafter, the Garcias filed the present motion to remand. Doc. #8.

---

[1] Refers to the court's docket entry number.

## II.      Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

## III.     Discussion

A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). Further, an action based on diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b). Here, defendants argue that there is complete diversity between the parties because non-diverse defendant American Securities Company of Nevada ("ASC") is a fraudulently joined defendant whose Nevada citizenship cannot be used to defeat the exercise of diversity jurisdiction.

A fraudulently joined defendant does not "defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Fraudulent joinder "occurs when a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey*, 139 F.3d at 1318; *see also McCabe v. General Foods Corp.*,

811 F.2d 1336, 1339 (9th Cir. 1987); *Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416, 1426-27 (9th Cir. 1989); *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 247 (E.D. Cal. 1992). In determining whether a cause of action is stated against a non-diverse defendant, courts look only to a plaintiff's pleadings. *Gardner v. UICI*, 508 F.3d 559, 561 n.3 (9th Cir. 2007).

Nevada is a notice-pleading jurisdiction which liberally construes pleadings. *Chavez v. Robberson Steel Co.*, 584 P.2d 159, 160 (Nev. 1978). The allegations of a complaint are sufficient to assert a claim for relief when the allegations "give fair notice of the nature and basis" for a claim. *Vacation Village, Inc. v. Hitachi Am., Ltd.*, 874 P.2d 744, 746 (Nev. 1994).

In their complaint, the Garcias challenge the foreclosing defendants' ability to enforce any loan documents secured by the underlying real property as well as the process by which defendants initiated the foreclosure proceedings. Specifically, the Garcias allege that defendant ASC did not comply with the Nevada recording requirements and was not acting as an agent for the beneficiary in violation of Nevada law. Therefore, based on the allegations in the complaint, the court finds that non-diverse defendant ASC is not a fraudulently joined defendant. As such, there is not complete diversity between the parties. Accordingly, the court finds that the exercise of diversity jurisdiction is inappropriate.

IT IS THEREFORE ORDERED that plaintiffs' motion to remand (Doc. #8) is GRANTED. The clerk of court shall REMAND this action to the Second Judicial District Court for the State of Nevada.

IT IS SO ORDERED.

DATED this 17th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3